BOSHKA *v.* BOARD OF EDUCATION OF THE OTTAWA
AREA INTERMEDIATE SCHOOL DISTRICT

Appeal from Ottawa, Chester A. Ray, J.   Submitted Division 3 March 11, 1969, at Grand Rapids.
(Docket No. 5,905.)    Decided March 28, 1969.

Complaint by J. M. Boshka and others similarly
situated against the Board of Education of the Ottawa Area Intermediate School District, a Michigan
municipal corporation, and other school districts
and school officials, to enjoin the holding of a school
district reorganization election and for declaratory
judgment that PA 1964, No 289 is unconstitutional.
Defendant's motion for accelerated judgment granted.    Plaintiffs appeal.    Reversed.

*Lee Boothby,* for plaintiffs.

*Scholten & Fant* (*Thomas R. Reinsma,* of counsel), for defendant.

BEFORE: McGregor, P. J., and R. B. Burns and
Danhof, JJ.

Per Curiam.    Four days before the scheduled
school district reorganization election was to be
held, plaintiffs filed suit against the board of education of the Ottawa area intermediate school district,
the Ottawa area intermediate school district and

Jennie Kaufman, individually and as superintendent of the board of education of the Ottawa area intermediate school district and as chairman of the Ottawa area intermediate school district. The complaint asked for injunctive relief and a declaratory judgment as to the constitutionality of PA 1964, No 289, MCLA § 388.681 *et seq.* (Stat Ann 1968 Rev § 15.2299[1] *et seq.*). Plaintiffs were unable to obtain a hearing on the order to show cause before the election.

On November 13, 1967, defendants filed a motion for summary judgment claiming the proper remedy was *quo warranto.* Plaintiffs then filed a motion for leave to obtain *quo warranto* relief. They also obtained leave to add the school district of the city of Holland as an additional defendant.

On May 1, 1968, defendants filed a motion for accelerated and summary judgment based on the grounds that the relief in the nature of *quo warranto* was not sought against these defendants within 30 days after the election.

The trial judge granted the motion and judgment was entered.

Plaintiffs claim that they had commenced the action against all of the necessary and indispensable parties within the 30-day limitation required by the statute. MCLA § 600.4545 (Stat Ann 1962 Rev § 27A.4545).

The issues raised in this appeal were ruled upon in *Penn School District No. 7* v. *Lewis Cass Intermediate School District Board of Education* (1968), 14 Mich App 109. That decision requires the judgment in this case to be reversed and remanded for trial on the merits.

Reversed and remanded for further proceedings.

No costs, a public question being involved.